ORIGINAL

OSHIRO_K.com

LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7215

Attorney's for United States of America

FILED
DISTRICT COURT OF GUAM
JUL - 7 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KERINA S. OSHIRO,<br><br>Defendant. | CIVIL CASE NO. 06-00018<br><br>COMPLAINT |

The United States of America, by its undersigned attorneys and on behalf of its agency, the Department of Health and Human Services (HHS) alleges the following in support of its Complaint:

1. This is an action seeking recovery of funds owed to the United States of America by defendant under the National Research Service Award (NRSA) program, 42 U.S.C. Section 2891-1 (1981), currently codified as 42 U.S.C., Section 288 (1988).

2. This court has jurisdiction over this matter under 28 U.S.C., Sections 1331 and 1345.

3. Defendant KERINA S. OSHIRO is a resident of this Judicial District.

4. Venue in this District is proper under 28 U.S.C., Section 1391.

5. As of April 1, 2006, Defendant KERINA S. OSHIRO was indebted to the United States in the amount of $38,591.01, with interest continuing to accrue at 13.750 percent per annum. See attached copy of Certificate of Indebtedness, Exhibit A.

6. Said debt arises from debtor's participation in the NRSA program, United States Public Health Service, HHS, authorized under Section 487 of the Public Health Service Act and implemented by regulation as promulgated by the Secretary, HHS, 42 C.F.R. part 66 (1983). Under NRSA program, individuals receive federal financial support for tuition, fees, and stipends to obtain pre-doctoral and post-doctoral biomedical and behavioral research training at public and private institutions. In return, each individual who received an award must fulfill a period of obligated service in health research or teaching equal to the number of months of support received or teaching equal to the number of months of support received or teaching equal to the number of months of support received in excess of 12 months. 42 U.S.C., Section 288(c); 42 C.F.R., Section 66.110(a) (1983). Individuals who fail to undertake or perform the required service are liable to the United States for the total amount paid under one or more awards to such individual, plus interest at a rate fixed by the Secretary of the Treasury on the date the United States became entitled to such amount. 42 U.S.C., Section 288(c) (4); 42 C.F.R., Sections 66.110(c) and (d) (1983). Each individual who received a NRSA must provide an assurance to the Secretary, in the form of a Payback Agreement, that the individual agrees to engage in appropriate service in return for the financial support received under the award. 42 U.S.C., Section 288(b)(1)(B); 42 C.F.R., Section 66.105(a) (1983). Any amount which the United States is entitled to recover shall be paid within three years after the date upon which the United States became entitled to such an amount. 42 U.S.C., Section 288(c)(4)(B); 42 C.F.R., Section 66.110(d) (1983).

7. On or about and for the training period of August 1, 1990 to July 31, 1995, Defendant KERINA S. OSHIRO received National Research Service awards.

8. For each NRSA received, Defendant KERINA S. OSHIRO signed a Payback Agreement agreeing to perform service as required by the Secretary in return for the financial support to be received under the NRSA.

9. Under the NRSA program, the United States provided Defendant KERINA S. OSHIRO with 60 months of financial support in the total amount of $44,908.00. Defendant received a legislative credit of $8,500.00 (twelve months), and a NIH Revitalization Act Credit

of $18,808.00 (twenty-four months). Therefore, as of July 31, 1995, Defendant KERINA S. OSHIRO's obligation was $17,600.00 (twenty-four months).

10. As of July 31, 1997, Defendant KERINA S. OSHIRO failed to pay to the United States the amount owed under the NRSA program.

11. As of July 31, 2000, Defendant KERINA S. OSHIRO failed to pay to the United States the amount owed under 42 U.S.C., Section 288(c)(4) and 42 C.F.R, Section 66.110(c)(1983).

12. By letters dated May 2, 2005, May 12, 2005, July 1, 2005, and January 10, 2006, respectfully, the United States declared Defendant KERINA S. OSHIRO in default of the NRSA obligation, and demanded payment in accordance with the provisions of the Claims Collection Act.

13. As of the date of filing of this Complaint, Defendant KERINA S. OSHIRO has failed to pay any amounts owed to the United States in satisfaction of the debt described herein. WHEREFORE, the United States requests that judgment be entered in its favor in the sum of $38,591.01 (principal $17,600.00 + interest $20,991.01), plus interest at the statutory rate until judgment and at the post-judgment rate thereafter; together with costs, including $350.00 in filing fees under 28 U.S.C. § 1914(a); that plaintiff recover its costs and disbursements; and for such other relief as the Court deems appropriate.

DATED: 7/7/06 , Hagåtña, Guam.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

Attorneys of the Plaintiff



# CERTIFICATE OF INDEBTEDNESS

Kerina S. Oshiro
% Guam Department of Education
Special Education Division
Building 13-34 Seagull Ave.
Tiyan, Gu 96921
Ref: 10001296

Total debt due the United States of America as of April 1, 2006: $38,591.01 (principal $17,600.00, interest $20,991.01, administrative costs $0.00).

I certify that the Department of Health and Human Services' records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $17,600.00 after April 1, 2006, at the rate of 13.750%. Interest accrues on the principal amount of this debt at the rate of $6.63 per day.

You received trainee awards under the provisions of 42 U.S.C. 288, as amended, for the National Research Service Award (NRSA) Program within the U.S. Public Health Service (PHS), Department of Health and Human Services (HHS). Subsequently, you received $44,908.00 (stipends) for the periods beginning August 1, 1990, and ending July 31, 1995. Eliminating the legislative credit of $8,500.00 (twelve months), and the NIH Revitalization Act credit of $18,808.00 (twenty-four months), the amount subject to financial payback is $17,600.00.

These awards were made upon the condition that within two (2) years after the termination of your award you engage in biomedical or behavioral research or teaching or any combination thereof in accordance with usual patterns of academic employment.

Your NRSA award was terminated on July 31, 1995. In accordance with Section 487 of the Public Health Service Act (42 U.S.C. 288) as amended, and the terms of your NRSA Payback Agreement, you were required to serve one month for each month of training. You were in training for sixty (60) months, less twelve (12) months legislative credit, less twenty-four (24) months Revitalization Act Credit; and were therefore required to begin your twenty-four (24) months of obligated service on or before July 31, 1997.

You failed to submit the required annual report containing pertinent employment information. Therefore, you were declared in breach of your NRSA Payback Agreement as of July 31, 1997, for failing to undertake appropriate payback service within two (2) years of the termination of your NRSA support.

Section 487 of the Public Health Service Act (42 U.S.C. 288) and the terms of your NRSA Payback Agreement require that your financial payback obligation must be paid within three (3) years of the date you breached your agreement. The amount the United States is entitled to recover is equal to the total stipend $44,908.00, less $8,500.00 resulting from the first twelve (12) months legislative credit, less $18,808.00 from the twenty-four (24) months NIH Revitalization Act credit, totaling $17,600.00 (plus interest) and was to have been paid in full by July 31, 2000.

EXHIBIT A

## PAGE 2 - CERTIFICATE OF INDEBTEDNESS - KERINA S. OSHIRO

In a letter dated February 5, 2004, you were sent an Annual Payback Activities Certification form to complete and return by March 5, 2004. You were informed that if your obligation had been satisfied you needed to submit the appropriate documents for service credit. You did not respond.

By letters dated March 23, 2004, and May 7, 2004, you were notified that payment in full must be received within thirty (30) days or your debt would be referred to the Internal Revenue Service, the U.S. Department of Treasury, and the U.S. Department of Justice (DOJ) for enforced collection. You did not make any payments, nor did you respond.

You were notified by letter dated May 2, 2005, that your debt was delinquent, and that failure to remit payment in full or enter into a repayment agreement (RA) within thirty (30) days would result in your account being referred to a collection agency, the U.S. Department of Treasury, or the DOJ for enforced collection. You did not make any payments, nor did you respond.

In a letter dated May 12, 2005, you were notified of the HHS' intent to refer your debt to other Federal agencies for the purpose of administrative offset under the Debt Collection Improvement Act of 1996. You were advised that a written response, a RA, or payment in full received within sixty (60) days from the date of the letter would terminate administrative offset action. You did not respond.

By letter dated July 1, 2005, you were notified that your account had been referred to OSI Collection Services for collection. You were advised that your account would be referred to the DOJ if you failed to either remit payment in full or enter into a RA. You did not make any payments, nor did you respond.

A final notice regarding your debt was sent to you on January 10, 2006, in which you were advised that failure to submit full or partial payment within thirty (30) days would result in your debt being reported to consumer reporting agencies and your account being transferred to the U.S. Department of Treasury or the DOJ for enforced collection. You remained unresponsive.

The amount due should be remitted by check, draft or money order(s) payable to the "U.S. Department of Justice" and mailed directly to the United States Attorney, District of Guam, Sirena Plaza, 18 Hernan Cortez, Ste. 500, Hagatna, GU 96910.

**CERTIFICATION:** Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.

APR 10 2006

Date

Barry M. Blum
Chief, Referral Control Section
Debt Management Branch